[Cite as *State v. Santiago*, 2011-Ohio-3971.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 91623**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILSON SANTIAGO

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-485971

**BEFORE:**    Sweeney, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**    August 11, 2011

**ATTORNEY FOR APPELLANT**

Katherine A. Szudy
Asst. State Public Defender
Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

William Mason
Cuyahoga County Prosecutor
BY: Jennifer A. Driscoll
Assistant Prosecuting Attorney
1200 Ontario Street
Cleveland, Ohio 44113


**ALSO LISTED**

Wilson Santiago
Inmate No. 542-818
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036


JAMES J. SWEENEY, J.:

{¶ 1}  Defendant-appellant Wilson Santiago ("defendant") appeals the trial court's classifying him as a Tier III sex offender under Ohio's Adam Walsh Child Protection and Safety Act of 2006 (" the AWA"), arguing that the retroactive application of this law is unconstitutional.   After reviewing the facts of the case and pertinent law, we reverse.

{¶ 2}  On September 14, 2006, defendant was charged in a 27-count indictment,

stemming from the August 24, 2006 rape and beating of a woman and the subsequent killing of a police officer on the west side of Cleveland. On January 30, 2008, defendant pled guilty to one count of aggravated murder, one count of felonious assault, and one count of rape. On February 6, 2008, the court sentenced defendant to life in prison without the possibility of parole and informed defendant that as a Tier III sex offender, he was subject to registration and notification requirements as mandated by the AWA.

{¶ 3} Defendant appealed and raised the following assignment of error for our review:

{¶ 4} "I. The retroactive application of Senate Bill 10 to Wilson Santiago violates the Ex Post Facto, Due Process, and Double Jeopardy Clauses of the United States Constitution and the Retroactivity Clause of Section 28, Article II of the Ohio Constitution[,] Fifth and Fourteenth Amendments to the United States Constitution[,] * * * Sections 10 and 16, Article I of the Ohio Constitution, and Section 28, Article II of the Ohio Constitution."

{¶ 5} In this case, defendant's offense took place prior to the enactment of S.B. 10, aka the Adam Walsh Act. Defendant asserted that his classification under the AWA was unconstitutional. Due to an impending intra-district conflict, this matter was stayed pending the resolution of the issue by the Ohio Supreme Court in *State v. Williams*, Ohio St.3d____, 2011-Ohio-3374. In *Williams*, the Court held as follows:

{¶ 6} "S.B. 10, as applied to Williams and any other sex offender who committed an offense prior to the enactment of S.B. 10, violates Section 28, Article II of the Ohio

Constitution, which prohibits the General Assembly from enacting retroactive laws." Id. at ¶21.

{¶ 7} Adhering to the foregoing authority, defendant's assignment of error is sustained.

{¶ 8} The trial court's order classifying defendant as a Tier III sex offender under the AWA is reversed. Case remanded for application of Ohio's sexual offender registration and notification laws that were effective on the date the offense was committed, August 24, 2006.

{¶ 9} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is, therefore, considered that said appellant recover of said appellee its costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
JAMES J. SWEENEY, JUDGE

MARY J. BOYLE, P.J., AND
LARRY A. JONES, J., CONCUR